IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-42262 |
| | ) | |
| RONALD WAGNER and | ) | |
| BETTY WAGNER, | ) | CH. 7 |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM

This matter was presented to the Court upon a Motion to Dismiss for Abuse Pursuant to 11 U.S.C. §§ 707(b)(2) and 707(b)(3) filed by the U.S. Trustee (Fil. #12), and an Amended Resistance by Debtors (Fil. #21). A hearing was held in Lincoln, Nebraska on March 12, 2008. William A. Francis appeared for Debtors, and Jerry L. Jensen appeared on behalf of the U.S. Trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

### *Background*

Although the U.S. Trustee's motion to dismiss raised numerous issues with respect to the proper amount of expenses used in calculating Debtors' projected disposable income, the parties have settled most of their differences and have presented a single issue to the Court: Whether the student loan obligations of Debtors constitute "special circumstances" to rebut the presumption of abuse arising under § 707(b)(2)(A). This is a matter of first impression for this Court. As discussed below, I find that under the facts of this case Debtors have failed to meet their burden of demonstrating special circumstances sufficient to rebut the presumption of abuse.

The parties have stipulated to the material facts (Fil. #26). Specifically, the parties agree that Debtors' debts are primarily consumer debts and that Debtors are "above-median" for means-test purposes. Debtors have annualized current monthly income of approximately $103,867.00. The parties further agree that Debtors' monthly disposable income pursuant to amended Form B22A is $381.52 and, therefore, the statutory presumption of abuse under § 707(b)(2) does arise in this case. Debtors' schedules indicate that they have $139,531.00 in unsecured debt, of which $65,808.00 is nondischargeable student loans. Debtors "believe" that their student loans are not eligible for consolidation or deferment.

According to the affidavit of Debtors (Fil. #24), commencing in 1996, Debtor Ronald Wagner executed various promissory notes representing direct loans from the U.S. Department of Education, the proceeds of which were used for the education and living expenses of his adult daughter. The December 31, 2007, balance on that loan was $56,406.00. The loan carries a monthly payment of $405.00. Commencing in 1994, Debtor Betty Wagner executed promissory notes for her son through the U.S. Department of Education. On December 31, 2007, the balance of those

loans was $13,184.00, and those loans carry a monthly payment of $192.92. The sole question presented is whether Debtors' student loan payment obligations in the combined amount of $597.92 per month constitute special circumstances under 11 U.S.C. § 707(b)(2)(B) sufficient to rebut the presumption of abuse.

### *Discussion*

Form B22A was created to implement the complicated means test calculation of 11 U.S.C. § 707(b). In conducting the means test for an above-median debtor whose debts are primarily consumer debts, the form and the statute require a calculation of a debtor's current monthly income and allow the debtor to deduct for means-test purposes expense amounts in certain categories determined by National Standards and Local Standards issued by the Internal Revenue Service, and actual expenses in other categories. 11 U.S.C. § 707(b)(2)(A)(ii)(I). If, as a result of application of the means test, a presumption of abuse arises, it is possible for a debtor to rebut that presumption. 11 U.S.C. § 707(b)(2)(B)(I) provides:

> In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

In the event a debtor believes that special circumstances apply, the debtor is required to itemize each additional expense or adjustment of income and provide, among other things, a detailed explanation of the special circumstances that may make such expenses or adjustment to income necessary and reasonable. 11 U.S.C. § 707(b)(2)(B)(ii)(II).

As discussed previously, the primary issue in dispute is whether the student loan debt of Debtors is a special circumstance sufficient to rebut the presumption of abuse arising pursuant to the means test. The Bankruptcy Code specifically delineates two special circumstances: (1) a serious medical condition; or (2) active duty in the Armed Forces. Certainly, those two items are not an exhaustive list, but are examples of what Congress intended to constitute special circumstances. Thus, rebutting the presumption of abuse requires circumstances that are truly special. As one court stated: "Although this presumption may be rebutted, § 707(b) goes on to set this bar extremely high, placing it effectively off limits for most debtors." *In re Haar*, 360 B.R. 759 (Bankr. N.D. Ohio 2007).

Several courts have held that nondischargeable student loans do constitute special circumstances sufficient to rebut the presumption of abuse. *See In re Robinette*, ___ B.R. ___, 2007 WL 2955960, at *4 (Bankr. D.N.M. Oct. 2, 2007); *In re Haman*, 366 B.R. 307 (Bankr. D. Del. 2007); *In re Martin*, 371 B.R. 347 (Bankr. C.D. Ill. 2007); *In re Delbecq*, 368 B.R. 754 (Bankr. S.D. Ind. 2007); *In re Templeton*, 365 B.R. 213 (Bankr. W.D. Okla. 2007); and *In re Knight*, 370 B.R. 429 (Bankr. N.D. Ga. 2007). Those cases all essentially found that student loan obligations constitute special circumstances essentially because the debtors have acknowledged the

nondischargeability of their student loan debt and have no reasonable alternative other than to pay the debt.

Other courts have concluded that student loans do not fall within the special circumstances provisions. *See In re Vaccariello*, 375 B.R. 809 (Bankr. N.D. Ohio 2007); *In re Lightsey*, 374 B.R. 377 (Bankr. D. Ga. 2007); and *In re Pageau*, ___B.R. ___, 2008 WL 482354 (Bankr. D.N.H. Feb. 21, 2008).  These courts essentially found that the debtors' obligation to repay their student loans, standing alone, cannot constitute special circumstances.  Specifically, those courts held that if nondischargeability were the standard for special circumstances, Congress would have said so.

As an initial matter, this Court agrees with the premise that nondischargeable student loan debt does not, standing alone, constitute special circumstances to rebut the presumption of abuse. However, it is certainly a factor to consider when conducting the special circumstances analysis.

11 U.S.C. § 707(b)(2)(B) contains certain requirements to establish special circumstances:

> (i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.
> (ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide –
>> (I) documentation for such expense or adjustment to income; and
>> (II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.
> (iii) The debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required.
> (iv) The presumption of abuse may only be rebutted if the additional expenses or adjustments to income referred to in clause (I) cause the product of the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv) of subparagraph (A) when multiplied by 60 to be less than the lesser of –
>> (I) 25 percent of the debtor's nonpriority unsecured claims, or $6,000, whichever is greater; or
>> (II) $10,000.

The evidence provided by Debtors of special circumstances is an affidavit (Fil. #24).  That affidavit is sufficient to itemize and document the expense as required by § 707(b)(2)(B). However, it falls short of demonstrating that the expense is necessary and reasonable and that "there is no reasonable alternative."  Debtors state that the loans are not eligible for consolidation or deferment, but provide no evidence that they have actually tried to take advantage of any such alternatives and

have been declined.  Further, the loans were taken out by Debtors for higher education expenses on behalf of their adult children in the mid-1990s.  It is unclear whether the children are also liable on the loans.  Debtors state they are the only obligors, but the promissory notes were not provided and the annual loan statement for the larger loan does include the name of Mr. Wagner's daughter. There is no indication as to whether the adult children are contributing to or are able or willing to contribute to repayment of the loans that were obtained for their education.  Finally, Debtors have not provided evidence of any repayment alternatives they may have in a Chapter 13 plan.  At a minimum, the student loan creditors would share in the distributions to unsecured creditors.  Also, Debtors have annualized income of approximately $104,000.00 per year but have not addressed the possibility of budgetary cutbacks to help meet their nondischargeable debt.

As indicated, in order to qualify as special circumstances, the bar is set extremely high.  On the record in front of this Court, it is impossible to say that Debtors have "no reasonable alternative." Thus, Debtors have failed to meet their burden of demonstrating special circumstances pursuant to the terms of 11 U.S.C. § 707(b)(2)(B).  As a consequence, the U.S. Trustee's Motion to Dismiss (Fil. #12) will be granted if Debtors fail to convert this to a proceeding under Chapter 13.

Separate order to be filed.

DATED:  March 14, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
William A. Francis
*Jerry L. Jensen/U.S. Trustee
John A. Wolf

Movant (*) is responsible for giving notice to other parties if required by rule or statute.